ERNESTO ROMEU-ORTIZ, Plaintiff and Appellant, *v.* MARYLAND CASUALTY Co., Defendant and Appellee.

No. 3911. Argued June 4, 1926.—Decided June 23, 1926.

*P. N. Colberg* for the appellant. *Alemany & Ramírez* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This was an action to recover $3,000 for medical services rendered to a third person at the request of the defendant.

The complaint alleges that an automobile owned and driven by Ramón López Irizarry struck and seriouly injured Jacinto Ruiz; that the said automobile was insured against personal damages and other risks by the Maryland Casualty Co., the defendant; that at the request of Ramón López and of the agents of the defendant at Mayagüez the plaintiff rendered medical services to the injured man for a period of four months, or until his recovery, and that the reasonable value of his services is estimated at $3,000.

The defendant demurred on the ground that the complaint did not set up facts sufficient to constitute a cause of action. The demurrer was sustained and the complaint dismissed.

■ The appellant simply contends that the complaint set up a cause of action in alleging that the plaintiff and the defendant had contracted for the former's professional services. In fact the matter was given no consideration. The argument begs the question. There is absolutely no allegation referring to the name or names of the agent or agents of the defendant, to the legal relations between the said agent and the defendant, or to the authority of the agent to bind the defendant in the obligations set up in the complaint. The rule that a principal is not liable for obligations which the agent may have contracted beyond the scope of his authority is so logical and general that the contention of the appellant does not demand further consideration.

■ The appellant also complains of the fact that he was not allowed to amend the complaint. The complaint had been amended once and, as it does not appear from the record that leave was asked for further amendment, it can not be held that the lower court abused its discretion in refusing leave for a further amendment.

For the foregoing reasons the judgment appealed from should be affirmed.